United States District Court
Southern District of Texas

**ENTERED**
April 27, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| STEPHEN HOWARD, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-25-3902 |
| EQUIFAX INFORMATION SERVICES, LLC, | § § § § | |
| Defendant. | § § § | |

**MEMORANDUM AND OPINION**

Stephen Howard, representing himself, sued Equifax under the Fair Credit Reporting Act. (Docket Entry No. 1). Howard alleged that his consumer file included "a Chapter 13 bankruptcy public-record entry" and "status-code errors on several tradelines." (Docket Entry No. 11 ¶ 8). Equifax moved to dismiss because Howard had previously filed for Chapter 13 bankruptcy. (Docket Entry No. 7). Because Howard previously declared bankruptcy, his credit report is accurate, and the court grants the motion to dismiss.

## I.    Background

Stephen Howard sued Equifax Information Services, LLC under the Fair Credit Reporting Act. (Docket Entry Nos. 1, 11). He alleges that his consumer file includes "a Chapter 13 bankruptcy public-record entry" and "status-code errors on several tradelines." (Docket Entry No. 11 ¶ 8). The credit report includes the following information:

| US BANKRUPTCY COURT-HOUSTON | 515 RUSK ST HOUSTON TX 77002-2600: 7132505500 | | | | | |
|---|---|---|---|---|---|---|
| Case or ID # | Disposition | Date Filed | Type | Filer | Current Disposition | |
| 2430453 | Wage Earner Plan Filed | 02/2024 | Personal | Individual | CH-13 Filed | |
| Asset Amount | Exempt Amount | Current Disposition Date | Date Verified | Date Reported | Prior Disposition | |
| | | | 03/01/2024 | 03/05/2024 | | |

| TX FED BK CT-HOUSTON 312 S MAIN ST STE 406 VICTORIA TX 77901-8148: 3617885000 | | | | | | |
|---|---|---|---|---|---|---|
| Case or ID # | Disposition | Date Filed | Type | Filer | Current Disposition | |
| 2430453 | Wage Earner Plan | 02/2024 | Personal | Individual | Dismissed/Closed CH-13 | |
| Asset Amount | Exempt Amount | Current Disposition Date | Date Verified | Date Reported | Prior Disposition | |
| | | 05/20/2024 | 06/01/2024 | 06/01/2024 | CH-13 Filed | |

| US BANKRUPTCY COURT-HOUSTON 515 RUSK ST HOUSTON TX 77002-2600: 7132505500 | | | | | | |
|---|---|---|---|---|---|---|
| Case or ID # | Disposition | Date Filed | Type | Filer | Current Disposition | |
| 2430453 | Wage Earner Plan | 02/05/2024 | Personal | Individual | Dismissed/Closed CH-13 | |
| Asset Amount | Exempt Amount | Current Disposition Date | Date Verified | Date Reported | Prior Disposition | |
| | | 05/20/2024 | 12/24/2024 | 12/24/2024 | CH-13 Filed | |

(Docket Entry No. 1 at 8, 17, 29).

Howard disputed that report, and Equifax responded with letters stating that they were "verified by LexisNexis." (Docket Entry No. 11 ¶ 10). Because Equifax did not "delete or correct the information," Howard sought information from the sources of Equifax's information. (*Id.* ¶¶ 10–21).

The Clerk of the United States Bankruptcy Court for the Southern District of Texas responded to Howard, stating that it does not verify information for credit-reporting agencies. (*Id.* ¶ 11). LexisNexis later "determined" that "the Bankruptcy Entry was 'unverifiable,' removed it from its files after research that included the PACER Services Center, and notified [Howard] that it had disputed the matter with Equifax on December 18, 2024." (*Id.* ¶ 18). Equifax did not delete the bankruptcy entry from Howard's file.

Notably, Howard does not allege that the information about his bankruptcy is inaccurate. He instead alleges that Equifax's sources did not support the information reported in his credit file.

## II.    The Legal Standard

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "[A] complaint must contain sufficient factual matter, accepted as

true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Conversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Eli Lilly & Co. v. Revive Rx, LLC*, 812 F. Supp. 3d 708, 723 (S.D. Tex. 2025) (quoting *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007)).

## III.    Analysis

Howard asserts two causes of action: (1) failure to conduct a reasonable reinvestigation and delete unverifiable information, under 15 U.S.C. § 1681i; and (2) failure to follow reasonable procedures to assure maximum possible accuracy, under 15 U.S.C. § 1681e(b). To prevail on both claims, the plaintiff must prove that the credit file contains an inaccuracy. If disputed information is "not inaccurate," then a plaintiff's reinvestigation claim under § 1681i "necessarily fail[s]." *Shimon v. Equifax Info. Servs. LLC*, 431 F. Supp. 3d 115, 122 (E.D.N.Y. 2020), *aff'd*, 994 F.3d 88 (2d Cir. 2021); *see Thomas v. Equifax Info. Servs., LLC*, No. 1:18-cv-0143, 2019 WL 948996, at *2 (D. Colo. Feb. 27, 2019); *Okwo v. Houston Methodist the Woodlands*, No. CV H-21-4063, 2022 WL 3104862, at *7 (S.D. Tex. Aug. 4, 2022), *aff'd*, No. 22-20457, 2023 WL 1256576 (5th Cir. Jan. 31, 2023). And if the disputed information is not inaccurate, then a plaintiff cannot "maintain

a cause of action under § 1681e(b)." *Shimon*, 431 F. Supp. 3d at 120 (quoting *Okocha v. Trans Union LLC*, No. 08-cv-3107, 2011 WL 2837594, at *5 (E.D.N.Y. Mar. 31, 2011)).

Howard's claims fail because the disputed information is not inaccurate.  Howard does not allege that his credit report is inaccurate.  The reference to the bankruptcy filing is supported by the information on the public court docket.  *See Cinnel v. Connick*, 15 F.3d 1338, 1343 n. 6 (5th Cir. 1994) ("In deciding a 12(b)(6) motion to dismiss, a court may permissibly refer to matters of public record."); *Trendsetter Invs., LLC v. Hyperdynamics Corp.*, No. CIV.A.H-06-0746, 2007 WL 172627, at *16 (S.D. Tex. Jan. 18, 2007).

The public docket for the United States Bankruptcy Court for the Southern District of Texas shows a case filed by Stephen Bernard Howard.  *See In re Howard*, No. 24-30453 (S.D. Tex.) (Lopez, J.).  The case number matches the one reported in Howard's file; the docket shows that Howard filed a Chapter 13 petition in February 2024.  The case was later dismissed, through both an order and a final decree.  (Bankr. Docket Entry Nos. 1, 32, 36).  Howard does not allege an inaccuracy, and the record does not show one.  Both his claims fail.

## IV.    Conclusion

For these reasons, the motion to dismiss, (Docket Entry No. 7), is granted, with prejudice because amendment would be futile.  A final judgment is entered separately.

SIGNED on April 27, 2026, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge